IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALL TRANGENDERS AT BWCI, JTVCC SCI AND GANDER HILL, et al., | : : : |
| Plaintiffs, | : : |
| v. | : Civ. No. 20-814-LPS : |
| JTVCC, et al., | : : |
| Defendants. | : |

Mrs. Evonca S. Aliahmed, Sussex Correctional Institution, Georgetown, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 13, 2022
Wilmington, Delaware



STARK, U.S. Circuit Judge:

I.     **INTRODUCTION**

Plaintiff Mrs. Evonca S. Aliahmed ("Aliahmed")[1], an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[2] (D.I. 1) She was housed at the James T. Vaughn Correctional Center ("JVCC") in Smyrna, Delaware when she commenced this action. She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

II.     **BACKGROUND**

The Court docket indicates that Aliahmed is a Plaintiff. Aliahmed, however, is not a named plaintiff. The named Plaintiffs include All Transgenders at BWCI, JTVCC, SCI, and Gander Hill; All Intersex At BWCI, JTVCC, SCI, and Gander Hill; and All Other Inmates at BWCI, JTVCC, SCI, and Gander Hill (together "Plaintiffs"). (D.I. 1 at 10) The Complaint states that Aliahmed falls in the "female category" as "all females (*i.e.*, legally and medically recognized and not 'identified as') at any male orientated facilities of DDOC and DDOJ." (*Id.*) The Civil Cover Sheet states that the claims are brought pursuant to 42 U.S.C. § 1983 for cruel and unusual conditions of confinement violating all prison-applicable U.S. Constitutional Amendments. (D.I. 1-1) The Civil Cover Sheet

---

[1] Recently, Aliahmed changed her name to Cea G. Mai, as noted on the docket on April 5, 2022. The Court refers to her herein by the name used in the operative pleadings.

[2] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

also states that this is a class action, seeking $25 million in damages,[3] and is signed by Mrs. Aliahmed as attorney of record. (*Id.*)

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (citing *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002)). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule

---

[3] The body of the Complaint also seeks injunctive relief. (D.I. 1 at 11-14)

12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a Plaintiffs leave to amend, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See*

3

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Non-Attorney

The Complaint is signed by Aliahmed, who is not an attorney. Even if Aliahmed considers herself as a named plaintiff, as a non-attorney she may not act as an attorney for the other Plaintiffs. Aliahmed may only represent herself in this Court. *See* 28 U.S.C. § 1654; *see also Osei-Afriye v. Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children); *In the Matter of Chojecki*, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000) ("Although a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").

### B. Eleventh Amendment

Named State Defendants include James T. Vaughn Correctional Center ("JTVCC"), Baylor Women's Correctional Institution ("BWCI"), Sussex Correctional Institution ("SCI"), Gander Hill (*i.e.*, Howard R. Young Correctional Institution ("HRYCI")), and the Delaware Department of Correction and Department of Justice ("DDOC and DDOJ").

JTVCC, BWCI, SCI, and HRYCI fall under the umbrella of the Delaware Department of Correction. *See* 11 Del. C. § 6501 et seq. The DDOC is a state agency that is immune from suit. *See Anderson v. Phelps*, 830 F. App'x 397, 398 (3d Cir. 2020) (citing *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018)). The DDOJ also has Eleventh Amendment immunity. *See e.g., Alston v. Administrative Offices of Delaware Courts*, 178 F. Supp. 3d 222, 229 (D. Del.), *aff'd*, 663 F. App'x 105 (3d Cir. 2016).

4

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Jones v. Sussex Corr. Inst.*, 725 F. App'x 157, 159-60 (3d Cir. 2017)); *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because none of the State Defendants are persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, all State Defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) based upon their immunity from suit.

### C. Medical Provider

The last named defendant is Centurion. (D.I. 1 at 9) The Court takes judicial notice that Centurion is the current contract medical health care provider for the DDOC. The Court liberally construes the Complaint as an attempt to raise claims against Centurion under a theory of respondeat superior.

When plaintiffs rely upon a theory of respondeat superior to hold a corporation liable, they must allege a policy or custom that demonstrates deliberate indifference. *See Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that Centurion is directly liable for alleged constitutional violations, Plaintiffs "must provide evidence that there was a relevant [Centurion] policy or custom, and that

the policy caused the constitutional violation[s] [Plaintiffs] allege." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (stating because respondeat superior or vicarious liability cannot be basis for liability under 42 U.S.C. § 1983, corporation under contract with state cannot be held liable for acts of its employees and agents under those theories).

The Court has thoroughly reviewed the Complaint and finds in it no mention of Centurion. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. at 48. The Complaint raises no claims against Centurion.

As to Centurion, then, the Complaint is legally frivolous. Centurion will be dismissed as a Defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## V.     CONCLUSION

For the above reasons, the Court will dismiss the Complaint. The Court finds amendment would be futile. An appropriate Order will be entered.

6